FILED

JAN 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARSIMRAN SINGH, | No. 11-73378 |
| Petitioner, | Agency No. A078-974-211 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Harsimran Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Thus, we deny Zhou's request for oral argument.

discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying the Singh's third motion to reopen as untimely and number-barred where the motion was filed more than seven years after the BIA's final administrative order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish materially changed circumstances in India to qualify for the regulatory exception to the time and numerical limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987 (new evidence "must be 'qualitatively different' from the evidence presented at the previous hearing"); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (BIA did not abuse its discretion in concluding alien failed to establish prima facie eligibility, where motion to reopen was based on underlying claim found not credible).

We reject Singh's contentions that the BIA erred in its treatment of the evidence submitted. *See Najmabadi*, 597 F.3d at 990-91 (BIA must consider issues raised and announce its decision in a manner sufficient for reviewing court to perceive that it has heard and thought and not merely reacted).

To the extent Singh attempts to challenge the agency's underlying credibility determination, we decline to review this claim because this court already decided

11-73378

the issue in *Singh v. Gonzales*, No. 04-71721, 2006 WL 3313170 (9th Cir.

November 14, 2006).

**PETITION FOR REVIEW DENIED.**